UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE BAUER LLC,<br><br>Defendant. | Case No. 16-cv-06236-BLF (SVK)<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORT RE DISCOVERY OF CONTACT INFORMATION FOR PUTATIVE CLASS MEMBERS**<br><br>Re: Dkt. No. 21 |

Before the Court is the parties' joint report concerning a dispute over Plaintiff's request for discovery of contact information for all putative class members. ECF 21. After consideration of the joint report, relevant legal authority, and good cause appearing, the Court GRANTS Plaintiff's request on the terms and conditions set forth below.

## BACKGROUND

Plaintiff alleges that she was employed by Defendant Eddie Bauer LLC at a retail store in Gilroy, California. Complaint, ECF 1-1, at ¶ 8. Plaintiff alleges that she was required to undergo security checks after she clocked out of work, as well as after she clocked out to take 30-minute meal breaks and 10-minute rest breaks, but that she was not paid any applicable minimum wages and/or overtime for these security checks. *See id*. at ¶ 18. Plaintiff alleges violations of California Labor Code §§ 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2698 *et seq.* and California's Unfair Competition Law, Business and Professions Code § 17200 *et seq. Id.* at ¶ 9. Plaintiff seeks to bring these claims on behalf of a class of all non-exempt retail store employees who were employed by Defendants in the State of California at any time from September 28, 2012, through the present. *Id.* at ¶ 17.

Defendant denies Plaintiff's allegations and denies that this case should proceed as a class action. *See* Joint CMC Statement, ECF 16, at 2. Defendant admits that it has an "exit inspection

1 policy" under which "[n]on-exempt store associates have their bags, packages, briefcases,
2 backpacks and other parcels inspected by a member of store management whenever they leave the
3 store." *Id.* Defendant argues, however, that "[e]mployees may not be subject to a bag check or
4 exit inspection if they do not have a bag or other container when leaving the store." *Id.*; *see also*
5 ECF 21 at 4. Defendant also claims that any exit inspections are not compensable because they
6 are *de minimis*. ECF 16 at 2.

### A. Legal Standards

A member of a class may sue on behalf of all class members only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

The availability and scope of pre-certification discovery lie within the discretion of the Court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). The Ninth Circuit has held that it is not an abuse of discretion to deny pre-certification discovery where the plaintiff does not either make a prima facie showing that the Rule 23 class action requirements are satisfied or show "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). The Ninth Circuit, however, has also noted that "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable." *Vinole*, 571 F.3d at 942 (quoting *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)).

### B. Discussion

#### 1. Contact information for putative class members

To the extent such a showing is required before pre-certification discovery is allowed, the Court finds that Plaintiff has made a prima facie showing that the class action requirements of Rule 23 are met and that, even if she had not, the limited discovery she seeks may substantiate her class certification allegations.

United States District Court
Northern District of California

Courts often rely on the plaintiff's reasonable allegations for concluding that the plaintiff has made a prima facie showing. *Barerras v. Michaels Stores, Inc.*, No. C 12-4474 (PJH), 2015 U.S. Dist. LEXIS 54166, at *9-10 (N.D. Cal. April 24, 2015). Here, Plaintiff alleges that (1) the class, *i.e.*, all non-exempt retail store employees who were employed by Defendants in the State of California at any time from September 28, 2012, through the present, is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact concerning Defendant's alleged policies and practices for payment of wages, provision of breaks, and provision of payroll records that are common to the class; (3) the claims or defenses of Plaintiff are typical of the claims or defenses of the class; and (4) Plaintiff will fairly and adequately protect the interests of the class. ECF 1-1 at ¶¶ 17-30. These allegations establish a prima facie showing that the class action requirements of Rule 23 are met.

The Court also concludes that the discovery Plaintiff seeks—the contact information for all putative class members—is necessary to her class certification motion. Disclosure of putative class members' contact information "is a common practice in the class action context." *Rodriguez v. Nike Retail Servs., Inc.*, No. 5:14-cv-01508-BLF (HRL), 2015 U.S. Dist. LEXIS 56377, at *4 (N.D. Cal. April 29, 2015) (internal quotation marks and citation omitted), *motion for relief from non-dispositive order denied* at ECF 43; *see also Bell v. Delta Air Lines, Inc.*, No. C13-01199YGR (LB), 2014 WL 985829, at *3 (N.D. Cal. Mar. 7, 2014) (collecting cases).

Defendant does not dispute that Plaintiff is entitled to discovery of contact information for putative class members who were employed during the relevant time period at the same store in Gilroy, California where Plaintiff worked. The parties' present dispute is instead over whether Plaintiff is entitled to obtain contact information for all of Defendant's California employees during the relevant time period. Defendant's main arguments are that (1) its security inspections do not impact all employees because employees who leave a store without carrying any bags are not subject to a security check, and (2) Plaintiff "cannot know" if the bag check process was conducted in the same way in other stores. ECF 21 at 4.

In support of its arguments, Defendant cites cases in which courts have ordered production of contact information limited to only the locations where the plaintiff was employed. *See Nguyen*

*v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 508 (C.D. Cal. 2011); *Williams v. Sup. Ct.*, 236 Cal. App. 4th 1151, *review granted and opinion superseded by* 354 P.3d 301 (Cal. 2015). Plaintiff attempts to distinguish those cases as involving allegations that employers had deviated from their stated employment policies, whereas in this case Plaintiff contends that Defendants' policies themselves violate the Labor Code and other laws. *See* ECF 21 at 3.

The Court is not persuaded that the scope of discoverable contact information should in all cases turn on whether a plaintiff frames his or her claim as the existence of a policy, rather than violation of a policy. Of greater significance in this case are Defendant's repeated references to its "exit inspection policy." *See, e.g.,* ECF 16 at 2; ECF 21 at 4. Defendant's claim that not all employees are subject to that policy does not depend on where the employees were located, but on whether they carried a bag or other container when they exited the store. *See* ECF 16 at 2; ECF 21 at 4. Defendant's argument that Plaintiff "cannot know" whether Defendant follows the same policies or procedures in other stores, ECF 21 at 4, is also unpersuasive. Defendant should not be able to cite Plaintiff's lack of knowledge as to whether Defendant has a uniform policy as a reason to deny Plaintiff's ability to contact employees of other stores to investigate this issue, particularly in light of Defendant's repeated references to its "exit inspection policy." "[T]he necessary antecedent to the presentation of evidence" concerning whether the requirements for bringing a class action are satisfied "is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger*, 564 F.2d at 1313.

Accordingly, Defendant has not demonstrated a reason to limit discovery of contact information to employees of Defendant's Gilroy store, and Plaintiff is entitled to discovery of the requested contact information for all putative class members statewide.

### 2. Opt-out procedure

Both parties' "final proposals" and proposed orders included in the Joint Report appear to contemplate an opt-out procedure. *See, e.g.,* ECF 21 at 5 (Plaintiff's proposal that "opt-out notices [] be sent to 50% of the class based on a sample selected by Plaintiff"); ECF 22 at ¶ 5 (Defendant's proposal that Defendant produce contact information to a third-party administrator to

4

perform the *Belaire* notification process).[1] But the Parties' Joint Report focuses on the scope of contact information that should be discoverable, rather than the procedures for the production and use of that information. Accordingly, this Order is limited to the issue of the scope of employee contact information that must be provided by Defendant. The parties are ordered to meet and confer as to the opt-out procedure to be employed in this case, including whether the contact information should be provided directly to Plaintiff's counsel or to a third-party administrator and whether any additional measures (such as a protective order) are necessary before Defendant produces contact information for the putative class members.

## CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendant produce the names and last known addresses and telephone numbers of all non-exempt employees who have been employed at any retail stores owned or operated by Defendant in the State of California from September 28, 2012, through the present. Within ten (10) days of this Order, the parties shall meet and confer in person or by telephone as to the opt-out procedure to be followed in this case and, if there is any disagreement on the opt-out procedure, file a joint submission that complies with the undersigned's Civil Scheduling and Discovery Standing Order.

**SO ORDERED.**

Dated: April 10, 2017

*[signature]*

SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] *Belaire-West Landscape Inc. v. Sup. Ct.*, 149 Cal. App. 4th 554, 557-58 (2007) describes an "opt-out" notice that is sent to potential class members to inform them of the lawsuit and explain that, if they do not want to have their contact information sent to plaintiff's counsel, they can complete and return an enclosed postcard.