**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEPHANIE HEREDIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EDDIE BAUER LLC,<br><br>　　　　　Defendant. | Case No. 16-cv-06236-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 36] |

On January 10, 2018, this Court granted Plaintiff Stephanie Heredia's ("Heredia") motion for class certification as to the first, second, fifth and seventh causes of action in her Complaint. *See* ECF 33 ("Class Certification Order"). Presently before the Court is Defendant Eddie Bauer LLC's ("Eddie Bauer") motion for leave to seek reconsideration of the Court's Class Certification Order. *See* ECF 36 ("Mot."). The Civil Local Rules provide that no response need be filed and no hearing need be held with respect to a motion for leave to file a motion for reconsideration. Civ. L.R. 7-9(d).

The Court has considered Eddie Bauer's motion, the relevant law, and the record in this case. For the reasons discussed below, Eddie Bauer's motion for leave to file a motion for reconsideration is DENIED.

**I.　LEGAL STANDARD**

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

In addition, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. L.R. 7-9(c). Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.–USA*, 570 F. App'x 675, 676 (9th Cir. 2014).

## II. DISCUSSION

Eddie Bauer moves for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9(b)(1), (2) and (3). Eddie Bauer contends that it is entitled to reconsideration based upon a "material difference in fact or law" and a "change of law," that developed after the Court issued its Class Certification Order. *See* Mot. at 1. In addition, Eddie Bauer seeks leave to file a motion for reconsideration based on the Court's manifest failure to consider material facts or dispositive legal arguments presented to the Court prior to its issuance of the Class Certification Order. *See* Mot. at 1-2.

Eddie Bauer's brief explains that newly published case authority—in the form of two decisions from the California Court of Appeal—has emerged since the Court issued its Order. *See* Mot. at 1. Eddie Bauer represents that these cases explicitly explain that a silent policy cannot result in a common question for purposes of class-wide liability, and that "a silent policy is necessarily subject to individualized inquiries." *Id.* Because this Court found that Eddie's Bauer's written policies were "silent" with respect to whether bag checks were to be performed while their employees were on-the-clock or off-the-clock, Eddie Bauer argues that this new case authority provides a basis for reconsideration. *Id.*

Further, Eddie Bauer challenges two aspects of the Court's determination that class certification is warranted. First, Eddie Bauer takes issue with the Court's finding of commonality, arguing that common proof requires common answers, of which there are none in this case. *See*

2

United States District Court
Northern District of California

Mot. at 2. Eddie Bauer argues that individualized inquiries are necessary to answer the common question of which employees were subject to bag checks on-the-clock, and therefore cannot be part of the class because they were already paid for time spent in connection with bag checks. *Id*. Moreover, Eddie Bauer argues that the only common proof offered at the class certification stage supports the conclusion that Eddie Bauer's policies required bag checks to be performed on-the-clock. *Id*. Finally, Eddie Bauer points to the lack of evidence in the record regarding whether bag checks were off-the-clock for any employee other than Heredia. *Id*. According to Eddie Bauer, "[t]his lack of evidence cannot support class-wide liability." *Id*.

As discussed below, the Court finds that Eddie Bauer's arguments do not support reconsideration of the Class Certification Order. The "new authority" cited by Eddie Bauer is not binding, and does not change the law that was before the Court at the time of its decision on Heredia's class certification motion. In addition, Eddie Bauer impermissibly repeats many of its previous arguments made at the hearing and in its brief in opposition to Heredia's motion for class certification, which the Court has already considered. Eddie Bauer's emphasis on the discrepancies between the Court's comments during the give-and-take discussion at the hearing, and the Court's ultimate determination granting class certification, are also not grounds for reconsideration. Throughout its motion, Eddie Bauer ignores the Court's concerns with Eddie Bauer's evidence, and the ultimate failure of that evidence to contradict Heredia's testimony which resulted in certification of the class. The appropriate recourse for Eddie Bauer to move to decertify the class, not reconsideration.

### A. "Material Difference in Law" or "Change of Law"

In its motion for leave to file a motion for reconsideration, Eddie Bauer presents the Court with two new decisions from the California Court of Appeal that did not exist prior to this Court's Class Certification Order. *See* Mot. at 4. Eddie Bauer argues that these cases constitute a material difference in law or a change of law sufficient to warrant reconsideration pursuant to Civil Local Rule 7-9(b)(1) and (2). *Id*. The Court disagrees, and finds that Eddie Bauer overstates the holdings of these cases. Ultimately, this non-binding authority does not constitute a material difference in the law or change of law, and Eddie Bauer's motion for leave to file a motion for

3

1 reconsideration on these grounds is DENIED.

2     In the Court's Order Granting Class Certification, it found that Eddie Bauer's written policies are silent on whether employees must clock out before or after undergoing the required security inspections. *See* Class Certification Order at 3, 10, 13. The Court concluded that common questions exist such as (1) whether Eddie Bauer's policies required employees to be off-the-clock or on-the-clock when security inspections were conducted; and (2) if employees had to clock out first, whether that time was compensable. *Id*. at 18.

    Eddie Bauer focuses on the issue, previously raised in its opposition, that there cannot be a class action where there is no liability for some employees. *See* Mot. at 4. Because some employees were "on-the-clock" when they were subject to bag checks, Eddie Bauer argues that there can be no liability for those employees because they were already paid for that time. *Id*. Yet Eddie Bauer presented the Court with *no* evidence of any of these "on-the-clock" employees. Instead of offering the deposition testimony of even a single employee or store manager, Eddie Bauer relied solely on its Federal Rule of Civil Procedure 30(b)(6) witness, Keith Long, to testify to Eddie Bauer's managerial training and its interpretation of its own security inspection policies. *See, e.g.*, Class Certification Order at 3.

    The first case Eddie Bauer relies on is *ABM Industries Overtime Cases*, 19 Cal.App.5th 277 (Ct. App. 2017), as modified (Jan. 10, 2018). *See* Mot. at 5. That case actually reversed the lower court's denial of a motion for class certification brought on behalf of current and former janitorial employees, finding that their allegations raised predominantly *common* issues of fact and law, rather than individualized inquires. *ABM Indus. Overtime Cases*, 19 Cal. App. 5th at 310. Yet Eddie Bauer cites to this case for the "holding" that where there are no clear companywide policies there is no common method to prove the fact of liability on a class-wide basis. Mot. at 5. The passage that Eddie Bauer cites to in *ABM Industries* is not the holding of the case. Rather, it is part of the court's discussion of a case from 2012 where the Court of Appeal affirmed a denial of class certification. 19 Cal.App.5th at 308 (citing *Morgan v. Wet Seal, Inc*. 210 Cal. App. 4th 1341 (2012)). The *ABM* court actually distinguished *Morgan* in coming to the opposite conclusion on predominance. 19 Cal.App.5th at 308.

4

1         In fact, the very next paragraph of *ABM Industries* goes on to discuss cases, similar to this one, holding that "individualized issues regarding *proof of the amount of damages* class members may recover does not defeat a class action so long as there are *common questions of liability* amendable to class resolution." 19 Cal.App.5th at 308. In those cases, California courts held that class treatment was appropriate when liability depended on the existence of a uniform policy, or lack thereof. *See Faulkinbury v. Boyd & Associates, Inc.* 216 Cal.App.4th 220, 226, 240–241 (2013); *Jones v. Farmers Inc. Exchange*, 221 Cal.App.4th 986, 997 (2013); *Benton v. Telecom Network Specialists, Inc.*, 220 Cal.App.4th 701, 726 (2013). Similarly, this Court determined that "Heredia has demonstrated the existence of a uniform policy at Eddie Bauer that applies to all employees in all California stores," even if that policy is silent on whether bag checks are to be performed on- or off-the-clock. *See* Class Certification Order at 14.

        Eddie Bauer's argument that *ABM Industries* is "new law" highlighting the lack of a common answer to prove liability is disingenuous. In particular, Eddie Bauer's representation that "[t]he new published case authority *holds* that a silent policy is necessarily subject to individualized inquiries as to how each store manager interpreted the policy, what employees were told by store managers about their interpretation of the policy, how employees interpreted any such discussion or the policy itself, and what each store manager actually implemented based on his or her interpretation," is not a correct reading of the *ABM Industries* decision. *See* Mot. at 1 (emphasis added). The Court finds that *ABM Industries* does not present any new law warranting reconsideration of the Class Certification Order in this case.

        Next, Eddie Bauer argues that reconsideration is warranted because another case from the California Court of Appeal recently held that class certification should be denied where a plaintiff fails to put forth evidence other than her own testimony. *See* Mot. at 6. Again, the Court finds that Eddie Bauer misrepresents the holding of the case. In *Lampe v. Queen of the Valley Med. Ctr.*, the Court of Appeal affirmed a denial of a motion for class certification because common issues did not predominate, and a potential conflict existed between the named plaintiffs and the class. 19 Cal. App. 5th 832, 228 Cal. Rptr. 3d 279, 294 (Ct. App. 2018). Eddie Bauer offers a selective and strained reading of *Lampe*, arguing that "[t]he Court of Appeal *held* that 'appellants

had not supported their claims regarding meal periods with anything other than their own testimony.'" Mot. at 6 (emphasis added). Rather, the Court of Appeal in *Lampe* noted that the trial court found that appellants had not supported their claims regarding meal periods with anything other than their own testimony, which was *contradicted* by evidence in the record that "[n]umerous employees have declared that they have always been able to take their full 30-minute meal periods, or that if they missed a meal period, they may request and have received a meal period premium." 19 Cal. App. 5th 832, 228 Cal. Rptr. 3d 279, 285 (Ct. App. 2018). In light of this conflict between the experiences of the class representatives and the putative class members, the Court of Appeal affirmed the trial court's determination that the appellants were not typical of the class they sought to certify. *Id*.

The defendant in *Lampe* "presented declarations from employees who stated they took a second meal break when they worked over 12 hours." 19 Cal. App. 5th 832, 228 Cal. Rptr. 3d 279, 291 (Ct. App. 2018). The defendant further "submitted deposition transcript excerpts from putative class members who stated that they were offered the second meal period but waived it so they could go home sooner." *Id*. In stark contrast, at class certification in this case, Eddie Bauer did not offer a single declaration or deposition testimony from a store manager who conducted a bag check while an employee was on-the-clock, or an employee who was subject to a bag check while on-the-clock. *Lampe* therefore says very little about whether class certification is appropriate in this case, and it certainly does not stand for the sweeping conclusion that class certification must be denied when a plaintiff fails to submit any declarations other than her own testimony.[1] As with *ABM Industries*, the Court finds that *Lampe* does not constitute a material difference in law, or change of law, that warrants reconsideration of the Class Certification Order.

For the foregoing reasons, Eddie Bauer's motion for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9(b)(1) and (2) is DENIED.

---

[1] Eddie Bauer also points to this Court's statements at the class certification hearing evidencing its concern with Heredia's lack of evidence. *See* Mot. at 6-7. As discussed below in the context of Eddie Bauer's Civil Local Rule 7-9(b)(3) arguments, any comments contrary to the Court's ultimate ruling are not justifiable grounds for a motion for reconsideration.

**B. Manifest Failure to Consider Material Facts or Dispositive Legal Arguments**

Next, the Court turns to Eddie Bauer's request for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9(b)(3). *See* Mot. at 7-15. For the reasons that follow, the Court finds that Eddie Bauer has not demonstrated a manifest failure by the Court to consider material facts or dispositive legal arguments.

The first of "multiple instances" of the Court's alleged failure to consider Eddie Bauer's dispositive legal arguments is the requirement that there must be "common harm," not just common experiences, in order to satisfy commonality under Federal Rule of Civil Procedure 23(a)(2). *See* Mot. at 8 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350 (2011)). The Court explicitly considered this argument in its Class Certification Order:

> Eddie Bauer argues that Heredia has not demonstrated that the class members have suffered a common injury because there is no liability for some employees—i.e. those who made the personal choice not to carry a bag to work. See Opp'n at 2 (citing Dukes, 564 U.S. at 349–50) ("Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury"). Eddie Bauer's argument that there is no common unlawful policy establishing liability for the entire class is unavailing.

*See* Class Certification Order at 10. Although Eddie Bauer now argues that there can be no common injury because not all bag checks were off-the-clock and not all bag checks were uncompensated, the Court's reasoning above—that Heredia and the absent class members have suffered the same injury—remains sound. The Court addressed Eddie Bauer's argument in its Class Certification Order, finding that even if Eddie Bauer's policies allow security inspections to be performed on-the-clock, that would itself be "an answer to the common question: whether Eddie Bauer's policy and practice was to mandate that security checks be performed off-the-clock. Of course, the parties disagree on the answer to this question, but that does not preclude a finding of commonality under Rule 23(a)(2)." Class Certification Order at 13.

As for the Court's "failure" to consider whether some bag checks were actually conducted on-the-clock and therefore compensated, Eddie Bauer presented no evidence from any of its employees or managers to support a conclusion that class members did not share Heredia's injury. Thus, the Court concluded that Heredia's "injury is the same as that of the absent class members:

7

they all allege that they were not paid for time spent waiting for managers to conduct the security inspection, and time spent undergoing the inspection." Class Certification Order at 15 (citing *Rodriguez v. Nike Retail Servs., Inc.*, No. 5:14-CV-01508-BLF, 2016 WL 8729923, at *10 (N.D. Cal. Aug. 19, 2016). Long's testimony that Eddie Bauer's policy and practice required all bag checks to be conducted on-the-clock does not support the conclusion that bag checks were actually conducted on-the-clock. Should Eddie Bauer acquire such evidence of class members who were subject to bag checks before they clocked out, it could present their experiences to the Court in a motion to decertify the class.[2]

Eddie Bauer has not shown that the Court failed to consider its dispositive arguments, or the relevant legal authority from *Dukes*. Instead, Eddie Bauer uses its motion to re-argue its opposition to Heredia's class certification motion in violation of Civil Local Rule 7-9(c). Consequently, these arguments cannot form the basis for a motion for leave to file a motion for reconsideration.

The remainder of Eddie Bauer's motion focuses on the Court's comments at the hearing on Heredia's class certification motion, which Eddie Bauer argues are contrary to the Court's ultimate determination in its Order. *See* Mot. at 10-15. For example, the Court articulated concerns at the hearing that there may not be common proof in order for Heredia to ultimately prove her case. *See* Class Certification Hearing Transcript at 19:4-8 ("I mean, if you want to prove your case…you can't tell me it's a common—there's common proof if I'm going to have a parade of employees on both sides who tell me different things. That's not common.")

Contrary to Eddie Bauer's arguments, the Court did not "ignore these concerns" when it granted class certification. Nor did the Court ignore the evidence Eddie Bauer presented from its 30(b)(6) corporate representative regarding how managers were trained and how the company interpreted its written policies. At the conclusion of the hearing, after pressing both sides on the

---

[2] Eddie Bauer's argument regarding what would happen at a class action trial are also properly brought in a motion to decertify the class, and does not warrant reconsideration under Rule 7-9(b). This argument also repeats the same thread that runs through Eddie Bauer's motion, that some employees who are not subject to liability exist in the class. Again, Eddie Bauer failed to present evidence of the existence of those employees for the Court to weigh against Heredia's testimony.

8

perceived issues with their evidence, the Court made clear that it had not yet made its decision: "I'm going to have to think about this further. I'm on the fence." Transcript at 25:8-9. The Court further indicated that it would go back and review the deposition transcripts. *Id*. 28:18-19. Thus, although some of the Court's comments at the hearing may have suggested to Eddie Bauer that the Court might deny class certification, any comments contrary to the Court's ultimate ruling are not justifiable grounds for a motion for reconsideration. Eddie Bauer does not provide any authority that requires the Court to adhere to comments or concerns expressed at a motion hearing, which is held for the very purpose of exploring all sides of the issue before the Court. The Court is not precluded from departing from its comments at a hearing where it pressed both sides and told the parties it was "on the fence" at the conclusion of oral argument.

At the time of class certification, the evidence before the Court came solely from competing deposition testimony of Heredia and Long, Eddie Bauer's 30(b)(6) witness. After considering the discussion at the hearing, and further review of the parties' submissions, the Court determined that class certification was appropriate. The Court found that common questions existed including whether Eddie Bauer's policy and practice was to mandate that security checks be performed off-the-clock; and, if so, whether time spent by employees off-the-clock for security checks should be deemed as hours worked and thus compensated as wages. *See* Class Certification Order at 10. The Court further held that typicality was satisfied, and pointed out that Eddie Bauer did not support its argument—repeated in its current motion—that a class representative must know the experiences of other class members in order to satisfy typicality under Rule 23. *Id*. at 15.

Again, at class certification, Eddie Bauer did not present the Court with any evidence that even a single employee remained clocked in while undergoing a security inspection. Eddie Bauer therefore has not adequately supported its defense that some employees did not suffer the same injury as Heredia and cannot be included in the class. The Court disagrees with Eddie Bauer's argument that "the unrebutted evidentiary record shows that employees subject to the same policy experienced different outcomes." Mot. at 12. Rather, the evidentiary record shows that at Heredia's store, her managers told her to clock out before they conducted the security inspection.

9

Long's testimony, which was credited by the Court, explained that managers were trained to conduct inspections while employees were still on-the-clock, and to the extent managers conducted inspections off-the-clock it would be a violation of company policy. But even crediting Long's testimony and his extensive experience in the retail industry, there is no evidence in the record that contradicts Heredia's experience and permits the Court to conclude that "some [employees] had bag checks on-the-clock." Mot. at 12.

The Court made clear at the hearing that it was "inclined to certify the class" but envisioned "a motion for decertification coming on its heels with a few more declarations and we're going to be done with this case." Transcript at 14:3-6. Eddie Bauer retains the ability to bring such a motion for decertification. However, in the context of this motion, Eddie Bauer has failed to demonstrate a manifest failure to consider material facts and dispositive legal arguments that were presented to the Court prior to its issuance of the Class Certification Order.

### III. ORDER

Although Eddie Bauer clearly disagrees with this Court's ruling on class certification, Eddie Bauer has not demonstrated "a material difference in law," a "change of law" or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" issuance of the Class Certification Order. Civ. L.R. 7-9(b)(1)-(3). The Court did consider all material facts and legal arguments presented by Eddie Bauer, and Eddie Bauer's surprise or disagreement with the outcome is not an appropriate basis for seeking reconsideration. Moreover, Eddie Bauer can address its concerns regarding potential individualized issues by supplementing the evidentiary record in a motion to decertify the class.

For the foregoing reasons, Eddie Bauer's motion for leave to file a motion for reconsideration of the Court's Order Granting Class Certification is DENIED.

**IT IS SO ORDERED.**

Dated: March 9, 2018

_____
BETH LABSON FREEMAN
United States District Judge