Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Kristen M. Agnew (State Bar No. 247656)
kagnew@diversitylaw.com
Max W. Gavron (State Bar No. 291697)
mgavron@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

WILLIAM L. MARDER, ESQ. (State Bar No. 170131)
bill@polarislawgroup.com
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHANIE HEREDIA, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EDDIE BAUER LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:16-cv-06236-BLF (SVK)<br><br>**PLAINTIFF STEPHANIE HEREDIA'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPRESENTATIVE PAGA CLAIMS OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:       March 12, 2020<br>Time:      9:00 a.m.<br>Courtroom: 3-5th Floor<br><br>Complaint Filed:   September 28, 2016 |

1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................5

II. DEFENDANT'S MOTION IS UNTIMELY AND IS A DISGUISED SECOND MOTION FOR SUMMARY JUDGMENT ..............................................................6

    A. Defendant's Motion is Not Timely .............................................................6

        1. Rule 12(f) Requires a Party to Move to Strike Within 21 Days After Being Served with the Pleading ...........................................................6

        2. Rule 12(c) Requires a Party to Move for Judgment on the Pleadings "Early Enough Not to Delay Trial" ..................................................7

    B. Introducing Evidence on a Motion to Strike, or Motion for Judgment on the Pleadings, Converts the Motion to One for Summary Adjudication ................9

III. THE ORDER DECERITIFYING THE CLASS DOES NOT PRECLUDE THE PAGA CLAIM ..................................................................................................11

    A. A PAGA Claim is Not Subject to Class Action Requirements .........................11

        1. Representative PAGA Claims May Proceed Without Class Certification ...........................................................................................11

        2. The PAGA Statute Does Not Impose a Manageability Requirement .......12

        3. The Adjudication of Plaintiff's PAGA Claim is Manageable ....................15

IV. PLAINTIFF DOES NOT SEEK TO SUBSTANTIVELY MODIFY HER PAGA CLAIM ................................................................................................................18

V. CONCLUSION ....................................................................................................19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abercrombie & Fitch Co*, 2013 U.S. Dist. LEXIS 184971 (C.D. Cal. Aug. 13, 2013) ............... 14

*Amey v. Cinemark USA Inc.*, 2015 WL 2251504 (N.D. Cal. May 13, 2015) .............................. 17

*Amiri v. Cox Comnc'ns California, LLC*, 272 F. Supp. 3d 1187 (C.D. Cal. 2017.) ..................... 17

*Arias v. Superior Court*, 46 Cal. 4th 969 (2009) ........................................................................ 12

*Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117 (9th Cir. 2014) .................................. 12, 13

*Bowers v. First Student, I*nc., 2015 WL 1862914 (C.D. Cal. Apr. 23, 2015) ............................... 13

*Brown v. Am. Airlines, Inc.*, 2015 WL 6735217 (C.D. Cal. Oct. 5, 2015) .................................. 16

*Brown v. Cinemark USA, Inc.*, 705 Fed.Appx. 644 (9th Cir. 2017) ........................................... 18

*Delgado v. Marketsource, Inc.*, 2019 WL 1904216 (N.D. Cal. Apr. 29, 2019) ............... 13, 15, 16

*Frlekin v. Apple Inc.*, Cal. Case No. S243805 ............................................................................ 18

*Henderson v. JPMorgan Chase Bank*, 2013 U.S. Dist. LEXIS 185101 (C.D. Cal. July 10, 2013) ............ 14

*Hernandez v. Comcast Corp.*, 2015 U.S. Dist. LEXIS 190442 (N.D. Cal. Jan. 16, 2015) ........... 13

*Hibbs-Rines v. Seagate Techs., LLC*, No. C 08-05430 SI, 2009 U.S. Dist. LEXIS 19283 (N.D.
   Cal. Mar. 2, 2009) .................................................................................................................. 14

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992) .......................................... 9

*Litty v. Merrill Lynch & Co.* 2014 WL 5904904 (C.D. Cal. Nov. 10, 2014) .............................. 16

*Lucas v. Michael Kors (USA), Inc.*, 2018 WL 6177225 (C.D. Cal. 2018) .................................. 19

*Moua v. IBM*, 2012 U.S. Dist. LEXIS 11081 (N.D. Cal. Jan. 31, 2012) ..................................... 13

*Ortiz v. CVS Caremark Corp.,* 2014 U.S. Dist. LEXIS 36833 (2014) ........................................ 16

*Ovieda v. Sodexo Operations, LLC*, 2013 WL 3887873 (C.D. Cal. July 3, 2013) ...................... 20

*Plaisted v. Dress Barn, Inc.*, 2012 U.S. Dist. LEXIS 135599 (C.D. Cal. Sep. 20, 2012) ............ 14

*Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291 (9th Cir. 1982) ............................................ 10

*Raphael v. Tesoro Ref. & Mktg. Co. LLC*, 2015 WL 5680310 (C.D. Cal. Sept. 25, 2015) .......... 13

*Riggins v. Walter,* 279 F.3d 422 (7th Cir. 1995) .......................................................................... 9

*Rodriguez v. Nike Retail Servs., Inc.*, 928 F.3d 810 (9th Cir. 2019) ........................................... 18

Case 5:16-cv-06236-BLF   Document 88   Filed 03/10/20   Page 4 of 19

*Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015) ........................................ 13

*Salazar v. McDonald's Corp.* 2017 WL 88999 (N.D. Cal. Jan. 5, 2017) ..................................... 17

*Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc.*, No. 1:15-CV-01137 MJS HC,
    2016 WL 615335 (E.D. Cal. Feb. 16, 2016) ........................................................................... 10

*Troester v. Starbucks Corporation*, 5 Cal. 5th 829 (2018) .......................................................... 18

*Tseng v. Nordstrom, Inc.*, 2016 U.S. Dist. LEXIS 176790 (C.D. Cal. Dec. 19, 2016) .......... 14, 15

U.S. Oil Co. *v. Koch Ref. Co.*, 518 F. Supp. 957 (E.D. Wis. 1981) .............................................. 11

*United States v. Hughes Aircraft Co.*, No. CV 89-6842-WJR(SX), 1991 WL 11693422 (C.D.
    Cal. Jan. 17, 1991) ................................................................................................................ 10

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ........................................... 11

*Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949 (C.D. Cal. 2015) ...................... 13, 14, 15

*Zayers v. Kiewit Infrastructure W. Co.*, 2017 U.S. Dist. LEXIS 216715 (C.D. Cal. Nov. 9, 2017) ...... 13, 14

**Statutes**

28 U.S.C. § 1292(b) ..................................................................................................................... 10

California Code of Civil Procedure § 340(a) ............................................................................... 19

California Labor Code § 2699.3(a)(C)(2)(A) ............................................................................... 19

California Labor Code § 2699.3(a)(1)(A) .................................................................................... 19

California Labor Code § 2699.5 ................................................................................................... 12

**Rules**

Federal Rule of Civil Procedure 15 ................................................................................................ 9

Federal Rule of Civil Procedure 12 ......................................................................................... passim

Federal Rule of Civil Procedure 16(b) ........................................................................................... 9

Federal Rule of Civil Procedure 23 ................................................................................................ 6

Federal Rule of Civil Procedure 56 ........................................................................................... 7, 10

**Treatises**

1 W. Schwarzer & A. Tashima, Federal Civil Procedure Before Trial ¶ 9:405 (2015) ................ 10

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PAGA CLAIMS OR FOR JUDGMENT ON THE PLEADINGS

Case 5:16-cv-06236-BLF   Document 88   Filed 03/10/20   Page 5 of 19

I. **INTRODUCTION**

In the instant action, while the Court has decertified the class, Plaintiff Stephanie Heredia ("Plaintiff") continues to pursue penalties under the Private Attorneys General Act of 2004 ("PAGA") arising from Defendant Eddie Bauer LLC's ("Defendant") requirement that Aggrieved Employees undergo security inspections after having clocked out.

Defendant relies heavily on this Court's reasoning in its January 10, 2020 order decertifying the class, in which the Court concluded the class certification was inappropriate because "based on the current record, at trial, the jury would necessarily have to decide whether each employee experienced uncompensated exit inspections." *See* Dkt. No. 79 at 12:7-8. Plaintiff maintains that until the end of 2016, there was a single policy in place mandating that security checks were to occur off-the-clock. As a result, Plaintiff's claim is that Defendant had a specific policy and practice over what is in effect a less than 18-month period of time. Thus, any claims of "manageability" being an obstacle to this case proceeding are false. The claim at issue is narrowly tailored in both scope of the claim and time. This is not a case with numerous claims based on unrelated theories that stretches out for several years.

Moreover, that the Court decertified the class does not mean that the Court should strike Plaintiff's PAGA allegations. First, the Ninth Circuit has determined that class certification under Rule 23 is not a requirement to maintain an action under PAGA. Indeed, Rule 23 does not apply to PAGA actions because PAGA is a law enforcement mechanism and not an action designed to confer a private benefit on behalf of the plaintiff and any represented employees. Therefore, that this Court has denied class certification has little bearing on whether Plaintiff may maintain an action under PAGA.

Notwithstanding the above, Defendant fails to demonstrate how Plaintiff's PAGA claim may be unmanageable at trial beyond its specious argument that a trial will require the testimony of 1,319 current and former employees. *See* Dkt. No. 84 at 5:16-18. Of course, the 1,319 figure provided by Defendant is incorrect; that was the number of members within the now-decertified class, which goes back an additional three years beyond the PAGA claim. Further, if the PAGA Period is cut off at December 31, 2016, the number of Aggrieved Employees is additionally

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PAGA CLAIMS OR FOR JUDGMENT ON THE PLEADINGS

reduced. In total, if the PAGA Period is cut off at December 31, 2016, there are 466 Aggrieved Employees.

## II. DEFENDANT'S MOTION IS UNTIMELY AND IS A DISGUISED SECOND MOTION FOR SUMMARY JUDGMENT

Defendant moves to strike, or, alternatively, for judgement on the pleadings. Dkt. No. 83. Motions to strike are governed by Federal Rule of Civil Procedure 12(f)[1], and Motions for Judgment on the Pleadings are governed by Rule 12(c). Plaintiff first addresses why Defendant's Motion is untimely, and then explains why Defendant's Motion must be construed as a motion for summary adjudication, under Rule 56.

### A. Defendant's Motion is Not Timely

Defendant's Motion is not timely whether the Court construes it as a Motion to Strike, or Motion for Judgment on the Pleadings—both of which Plaintiff contends is improper given Defendant's introduction of evidence.

#### 1. Rule 12(f) Requires a Party to Move to Strike Within 21 Days After Being Served with the Pleading

Defendant concedes that it did not bring its Motion within the 21-day period set forth in Rule 12(f)(2). Instead, it argues that because the Court can raise a Motion to Strike "on its own" the Court has discretion to consider Defendant's untimely Motion. The cases cited by Defendant often arise in the context of a defendant moving to strike a PAGA claim in conjunction with a class certification motion, or motion for decertification. Defendant did not move to strike when it moved to decertify the class—Defendant provides no explanation for this.

The reason is Defendant simply forgot. The operative Complaint—filed on September 28, 2016—unequivocally sets forth a cause of action under Labor Code section 2698, *et seq.* ("PAGA"). The PAGA claim, moreover, is referenced in multiple filings by both Plaintiff and Defendant, including Defendant's Notice of Removal (Dkt. No. 1), the Joint Rule 26 Report and

---

[1] All further references to "Rule" are references to the Federal Rules of Civil Procedure, unless otherwise noted.

Initial Case Management Statement (Dkt. No. 16) and Plaintiff's Motion for Class Certification (Dkt. No. 29). Neither Defendant nor its counsel had any reason to believe that Plaintiff abandoned or intended to abandon her claims under PAGA.

Now, Defendant moves to strike 4 years after being served with Plaintiff's Complaint, and a month before trial. Because of this Defendant was forced to seek extraordinary relief from the Court requiring a shortened briefing schedule, which requires a response to Defendant's Motion within 6 days. *See* Dkt. No. 85. Plaintiff did not even have an opportunity to oppose Defendant's request for extraordinary relief. Accordingly, Plaintiff contends that the Court should not exercise its discretion to consider this late-filed Motion to Strike.

## 2. Rule 12(c) Requires a Party to Move for Judgment on the Pleadings "Early Enough Not to Delay Trial"

Rule 12(c) provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Defendant did not meet this deadline. Defendant moved on March 4, 2020 and noticed its hearing for May 7, 2020—approximately three weeks after the first day of trial. As described above, only by requesting extraordinary relief and prejudicing Plaintiff in her ability to oppose the Motion and prepare for trial did the Court advance the hearing date on Defendant's Motion.

Defendant's Motion is untimely for another reason. On March 3, 2017, the Court issued a scheduling order in which it set the dispositive motion hearing deadline for March 14, 2019. Dkt. No. 20. After this Order, the Parties stipulated, and the Court approved, a modification to the scheduling order. Dkt. No. 41. In its December 4, 2018 Order, the Court set the current trial date, and set a briefing schedule for Defendant's anticipated Motion for Summary Judgment, and Motion for Decertification. *Id.* The Court did not continue the deadline for filing dispositive motions, and—despite the scheduling order being the result of the Parties' stipulation—Defendant made no mention of an anticipated Motion for Judgment on the Pleadings, Motion to Strike, or any other dispositive motions to be heard after the dispositive motion cut-off. *See id.*

After issuing its Order granting Defendant's Motion to Decertify the Class, the Court again modified the scheduling order, pursuant to the Parties' stipulation. Dkt. No. 80. Again,

Defendant did not request, nor did the Court extend the deadline to bring a dispositive motion. *See id.* Defendant made no mention of its intent to move to strike, or to move for judgment on the pleadings—despite knowing that the Court had decertified the class, and knowing for four years that Plaintiff's case included a PAGA action.

In *Riggins v. Walter*, the Seventh Circuit addressed whether a party may bring a judgment on the pleadings after the dispositive motions deadline without first establishing good cause to modify the scheduling order under Rule 16(b). 279 F.3d 422, 427–28 (7th Cir. 1995). Citing to Ninth Circuit precedent, the Court held "that a Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) *and* if it will not delay trial." *Id.* (emphasis in original) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir.1992) (holding that in reviewing an attempt to amend pleading after scheduling order deadline, court must first find good cause for amendment under Rule 16(b) before considering propriety of amendment under Fed. R. Civ. P. 15)). Accordingly, where a party moves for judgment on the pleadings after the dispositive motion cut-off, that party must first comply with the mandate of Rule 16(b), which requires a party to demonstrate good cause to modify the scheduling order. *Riggins*, 279 F.3d at 427–28; *Johnson*, 975 F. 2d at 607–08.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. As described above, Defendant has known of Plaintiff's PAGA claim for four years; moved to decertify the class, but did not address Plaintiff's PAGA claim; entered several stipulations continuing deadlines for certain dispositive motions, but not addressed Plaintiff's PAGA claim or any intent to file *another* dispositive motion; waited almost three months after the Court granted Defendant's Motion to Decertify the Class to move for judgment on the pleadings as Plaintiff's PAGA claim; and noticed its dispositive motion for a hearing date three weeks after the current trial date. This course of conduct does not demonstrate diligence and cannot meet Rule 16(b)'s good cause standard. *Riggins*, 279 F.3d at 427–28; *Johnson*, 975 F. 2d at 607–08. Accordingly, the Court should deny Defendant's untimely Motion.

Defendant raises Plaintiff's Petition to Appeal the Order Granting Defendant's Motion for Decertification as a rationalization for its delay. In its ex parte application, Defendant argued, without authority, that the Petition meant that "the entire case—including the representative PAGA claims—would be on hold pending appellate review." (*See* ECF No. 84 at 6:1-3.) However, an appeal from an interlocutory order does not automatically stay the proceedings. *See Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982); 28 U.S.C. § 1292(b). While Defendant could have filed a motion to stay with the Court, it never did so. Defendant has not been diligent, and the Court should deny its Motion.

### B. Introducing Evidence on a Motion to Strike, or Motion for Judgment on the Pleadings, Converts the Motion to One for Summary Adjudication

Defendant cites to the deposition testimony of Plaintiff and Defendant's Person Most Qualified in its briefing. S*ee, e.g.* Mot. at 2–3. Defendant also cites to the Court's prior order addressing evidence submitted on Defendant's Decertification Motion to establish various factual predicates that underpin the reasoning of its Motion.

Rule 12 is clear and explicit in its mandate that introducing evidence on a motion for judgment on the pleadings converts the motion to one for summary judgment. Fed. R. Civ. Pro. 12(d) (emphasis added) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must be treated as one for summary judgment* under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

On a motion to strike, Rule 12 is not explicit that introducing evidence converts the motion to one for summary adjudication. However, "[s]everal courts have held that submission of extrinsic evidence in support of a motion to strike converts the [Rule 12(f)] motion into one for summary judgment." *United States v. Hughes Aircraft Co.*, No. CV 89-6842-WJR(SX), 1991 WL 11693422, at *1 (C.D. Cal. Jan. 17, 1991) (citing 1 W. Schwarzer & A. Tashima, Federal Civil Procedure Before Trial ¶ 9:405 at p. 9-145 (2015)); *see also Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc.*, No. 1:15-CV-01137 MJS HC, 2016 WL 615335, at *4 (E.D. Cal. Feb. 16, 2016) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th

Cir. 2010)) ("[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike."); U.S. Oil Co. *v. Koch Ref. Co.*, 518 F. Supp. 957, 959 (E.D. Wis. 1981).

In *Whittlestone, Inc. v. Handi-Craft Co.*, the Ninth Circuit considered whether district courts "may…resolve 'disputed and substantial factual or legal isse[s] in deciding..a motion to strike.'" 618 F.3d at 973. The Court first analyzed the verbiage of Rule 12(f), which only permits a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *Id.* at 973–74. The court analyzed whether the claim for damages at issue in the case fell within any of the enumerated categories of Rule 12(f), and reasoned:

> It is quite clear that none of the five categories covers the allegations in the pleading sought to be stricken by HandiCraft. First, the claim for damages is clearly not an insufficient defense; nobody has suggested otherwise. Second, the claim for damages could not be redundant, as it does not appear anywhere else in the complaint. Third, the claim for damages is not immaterial, because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief. *See Fogerty*, 984 F.2d at 1527 ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.") (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 (1990) (quotation marks omitted)). Fourth, the claim for damages is not impertinent, because whether these damages are recoverable pertains directly to the harm being alleged. *Id.* ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (quotation marks and citation omitted). Finally, a claim for damages is not scandalous, and Handi–Craft has not alleged as much.

*Id.* at 974.

In *Whittlestone*, the court addressed a motion to strike a claim for lost profits and consequential damages. In reversing the district court, the Ninth Circuit reasoned that, "[w]ere we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading (as [the defendant] would have us do here), we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later state in the proceedings) already serves such a purpose." *Id.* The Ninth Circuit further reasoned that the standard of review on appeal is different on a motion to strike compared to a motion to dismiss, brought under Rule 12(b)(6). "Thus, if a party may seek dismissal of a pleading under Rule 12(f), the district court's action would be subject to a different standard of review than if the district court had adjudicated the same substantive motion

10
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PAGA CLAIMS OR FOR JUDGMENT ON THE PLEADINGS

under Rules 12(b)(6)." Accordingly, the Ninth Circuit reversed and remanded.

Here, because Defendant cites to evidence in its Motion, the Court should construe it as a motion for summary adjudication. By the Court's own standing order, it does not permit more than one summary judgment motion, and thus should deny Defendant's Motion for that reason. More importantly, Defendant's untimely motion is prejudicial to Plaintiff who has had six days to oppose it. Accordingly, the Court should deny Defendant's Motion because it is untimely, and a late-filed motion for summary adjudication.

## III. THE ORDER DECERITIFYING THE CLASS DOES NOT PRECLUDE THE PAGA CLAIM

### A. A PAGA Claim is Not Subject to Class Action Requirements

#### 1. Representative PAGA Claims May Proceed Without Class Certification

Labor Code Section 2699.5 provides that aggrieved employees may seek and enforce PAGA penalties for an employer's violation of Labor Code Section 201. *See* Labor Code § 2699.5. In 2009, the California Supreme Court was presented with the issue of whether an aggrieved employee that brings a PAGA claim on behalf of himself and others similarly situated needs to seek the PAGA claim as a class action and meet class certification requirements. *Arias v. Superior Court*, 46 Cal. 4th 969, 976 (2009). After substantial review of the legislative history of PAGA, the Court held that an aggrieved employee's representative action brought on behalf of other similarly situated employees for PAGA violations do not need to meet the requirements for class certification. *Id*. at 975; 980-88. Because a PAGA action functions as a substitute for an action brought by the government itself, a judgment in the PAGA action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government. *Id*. at 986.

In *Baumann v. Chase Inv. Servs. Corp.*, the Ninth Circuit weighed in on this issue and followed the lead of the California Supreme Court. 747 F.3d 1117, 1123 (9th Cir. 2014). There, the Ninth Circuit unequivocally acknowledged that "a PAGA suit is fundamentally different than a class action," and the "differences stem from the central nature of PAGA." *Id*. at 1123. The

Court further held that, in contrast to class actions, "PAGA plaintiffs are private attorneys general who, stepping into the shoes of the LWDA, bring claims on behalf of the state agency." *Id.*; *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 436 (9th Cir. 2015) ("A PAGA action is a statutory action for penalties brought as a proxy for the state, rather than a procedure for resolving the claims of other employee…"). Consistent with *Baumann*, this Court and other district courts have held that class certification is not required to sustain a PAGA action in federal court. *Delgado v. Marketsource, Inc.*, 2019 WL 1904216, at *4 (N.D. Cal. Apr. 29, 2019) ("The Court's denial of Plaintiff's motion for class certification because Plaintiff did not satisfy Rule 23's requirements has little bearing on the viability of Plaintiff's PAGA claim"); *Zayers v. Kiewit Infrastructure W. Co.*, 2017 U.S. Dist. LEXIS 216715, at *28 (C.D. Cal. Nov. 9, 2017) ("The majority of federal courts have determined that class certification under Rule 23 is not required to maintain a cause of action under PAGA"); *Hernandez v. Comcast Corp.*, 2015 U.S. Dist. LEXIS 190442, at *10 (N.D. Cal. Jan. 16, 2015) (following *Baumann* and holding that a PAGA action is not a class action); *Moua v. IBM*, 2012 U.S. Dist. LEXIS 11081, at *10 (N.D. Cal. Jan. 31, 2012) ("This court is persuaded to find that PAGA plaintiffs are not required to meet the class action standard contained in Rule 23"); *Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949, 960 (C.D. Cal. 2015) ("[A] PAGA representative claim need not satisfy the requirements of Rule 23").

For this reason, Defendant's reliance on cases such as, *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, 2015 WL 5680310 (C.D. Cal. Sept. 25, 2015) and *Bowers v. First Student, I*nc., 2015 WL 1862914 (C.D. Cal. Apr. 23, 2015), is unavailing. *See* Dkt. No. 83 at 10:9-11:18. While the district court in *Raphael* and *Bowers* dismissed PAGA claims on manageability grounds, the decisions are tainted by the erroneous understanding that a PAGA plaintiff must satisfy the requirements of Rule 23. *See Raphael*, 2015 WL 5680310, at *2 (dismissing PAGA claim because the plaintiff failed to establish class certification is appropriate); *Bowers*, 2015 WL 1862914 at *4 (same).

### 2. The PAGA Statute Does Not Impose a Manageability Requirement

Here, Defendant argues that Plaintiff's PAGA claim should be stricken because the

purported individualized determinations required to prove that each aggrieved employee experienced an off-the-clock exit inspection resulting in uncompensated time. Defendant's manageability argument essentially re-packages the same points it advanced in the Motion to Decertify the Class.

In the context of PAGA, "the imposition of a manageability requirement—which finds its genesis in Rule 23—makes little sense." *Tseng v. Nordstrom, Inc.*, 2016 U.S. Dist. LEXIS 176790, at *16 (C.D. Cal. Dec. 19, 2016). In this respect, Defendant overlooks that by its very nature, PAGA "will often require individualized assessments of liability." *Zayers*, 2017 U.S. Dist. LEXIS 216715, at *29 (denying the defendant's motion to strike a representative PAGA claim); *Hibbs-Rines v. Seagate Techs., LLC*, No. C 08-05430 SI, 2009 U.S. Dist. LEXIS 19283, at *11 (N.D. Cal. Mar. 2, 2009) (The plaintiff "will have to prove Labor Code ***violations*** with respect to ***each and every*** individual on whose behalf plaintiff seeks to recover civil penalties under PAGA") (some emphasis added). Indeed, "every PAGA action in some way requires ***some*** individualized assessment regarding whether a Labor Code violation has occurred." *Plaisted v. Dress Barn, Inc.*, 2012 U.S. Dist. LEXIS 135599, at *10 (C.D. Cal. Sep. 20, 2012) (emphasis in original). To hold that "individualized liability determinations make representative PAGA actions unmanageable" imposes "a barrier on such actions that the state law enforcement agency does not face when it litigates those cases itself." *Zayers*, 2017 U.S. Dist. LEXIS 216715, at *30. Thus, not only is Defendant's manageability argument inconsistent with the nature of PAGA, its acceptance is tantamount to "obliterate[ing] the purpose" of the statute itself. *Id.* at *31; *Plaisted*, 2012 U.S. Dist. LEXIS 135599, at *9-10; *Echavez v. Abercrombie & Fitch Co*, 2013 U.S. Dist. LEXIS 184971, at *32 (C.D. Cal. Aug. 13, 2013) (same). The fact that a PAGA claim may be difficult to prove or even somewhat burdensome for a defendant does not mean that such a claim cannot be brought. *Zackaria*, 142 F. Supp. 3d at 959.[2] On this basis alone, the

---

[2] *See also Henderson v. JPMorgan Chase Bank*, 2013 U.S. Dist. LEXIS 185101, at *22 (C.D. Cal. July 10, 2013) (observing that in a PAGA action there is "no reason why Defendant will not have an opportunity to cross-examine and confront any witnesses Plaintiff calls at trial" and that the absence of a "viable plan for proving violations as to all employees does not mean that the due process rights of Defendant or any absent employee would be violated by permitting

Court should decline to impose a manageability requirement on Plaintiff's PAGA claim and deny the Motion to Strike. *See Tseng*, 2016 U.S. Dist. LEXIS 176790, at *15-16 (the trial court "declin[ed] to impose a manageability requirement on PAGA claims").

Defendant, moreover, overlooks or disregards *Delgado v. Marketsource, Inc.*—a recent decision by Judge Koh addressing the absence of a manageability requirement in PAGA actions. 2019 WL 1904216, at *4 (N.D. Cal. Apr. 29, 2019). In *Delgado*, the Court unequivocally held that "PAGA imposes no manageability requirement." *Id.* at *5. Similar to here, the employer in *Delgado* moved to strike a derivative PAGA claim as unmanageable following the denial of class certification. The arguments raised by the employer were almost identical to those raised by Defendant, including that resolving the claim would require hundreds of "mini-trials." *Id.* After surveying both Ninth Circuit precedent and other district court cases, the Court concluded that any manageability requirement "is strikingly similar to the predominance inquiry under Rule 23." *Id.* The Court further noted that under existing state and federal case law "PAGA plaintiffs need *not* meet class action requirements." *Id.* As such, the Court was "disinclined to strike a *PAGA* claim because resolving the claim may require individualized inquiries." The Court also observed that a manageability requirement would be at odds with the purpose of PAGA:

> The Court is also persuaded not to impose a manageability requirement on PAGA claims because the California Supreme Court has repeatedly held that "the state's labor laws are to be liberally construed in favor of worker protection." *Alvarado v. Dart Container Corp.*, 4 Cal. 5th 542, 561–62 (2018) (citing *Mendoza v. Nordstrom, Inc.*, 2 Cal. 5th 1074, 1087 (2017)). PAGA is a California labor law enacted "to supplement enforcement actions by public agencies, which lack adequate resources to bring all such actions themselves." *Arias*, 46 Cal. 4th at 986. A liberal construction of PAGA weighs against reading a manageability requirement into the statute.

*Id.; see also Zackaria*, 142 F.Supp.3d at 959 (("Holding that individualized liability determinations make representative PAGA actions unmanageable, and therefore untenable,"

---

Plaintiffs to proceed; it merely means that Plaintiffs may ultimately be unable to prove their case").

14

would be inconsistent with PAGA's purpose, because it "would impose a barrier on such actions that the state law enforcement agency does not face when it litigates those cases itself"). As such, Defendant's Motion to Strike is inconsistent with Ninth Circuit precedent and the purpose of PAGA itself.

### 3. The Adjudication of Plaintiff's PAGA Claim is Manageable

Yet, even if a manageability requirement were consistent with PAGA's purpose, there has been no showing that trial would, in fact, be unmanageable. Notwithstanding the bare assertion that a trial would be unmanageable, Defendant has not outlined any standards for determining whether a PAGA claim would require so many individualized determinations as to be unmanageable. Indeed, each of the cases cited by Defendant are legally inapposite or factually distinguishable. In *Ortiz v. CVS Caremark Corp.*, for example, the district court granted a motion to strike PAGA claims after finding the claim unmanageable due to the "multitude of individualized assessments" required to establish liability. 2014 U.S. Dist. LEXIS 36833, at *4. As noted in *Delgado*, however, "the manageability inquiry in *Ortiz* regarding 'individualized questions' is strikingly similar to the predominance inquiry under Rule 23. 2019 WL 1904216, at *5. Against this backdrop, *Litty v. Merrill Lynch & Co.* 2014 WL 5904904 (C.D. Cal. Nov. 10, 2014) and *Brown v. Am. Airlines, Inc.*, 2015 WL 6735217 (C.D. Cal. Oct. 5, 2015) are equally unpersuasive. 2014 WL 5904904, at *3 (C.D. Cal. Nov. 10, 2014). In both cases, the district court dismissed derivative PAGA claims based on a prior finding that that the underlying Labor Code violations could not be adjudicated on a class-wide basis. *Litty*, 2014 WL 5904904 at *3 (holding that the plaintiff's "PAGA claim is entirely derivative of his state law claims. This Court has already determined that Plaintiff's state law claims cannot be adjudicated on a class basis and concluded that individualized issues predominate in this action"); *Brown*, 2015 WL 6735217, at *4 ("In the Order on Plaintiff's Motion for Class Certification, the Court analyzed Plaintiff's claims concerning overtime pay and generally found that there were concerns regarding individual inquiries predominating. The Court finds manageability issues exist regarding PAGA overtime claims here").

The additional cases to which Defendant cites for support are also distinguishable from

the case at hand.  In *Amiri*, the PAGA claim at issue was much more complex that than one at hand.  The plaintiff in *Amiri* asserted that he was unable to take breaks because he was required to clean up after projects, that he was required to work more than eight hours in a day but did not receive overtime, and that he was required to spend time "on call" without the ability to leave.  *Amiri v. Cox Comnc'ns California, LLC*, 272 F. Supp. 3d 1187, 1190-1191 (C.D. Cal. 2017).  The *Amiri* court held that in order to issue a ruling, it would need to review the specific job responsibilities of numerous different job titles and the work needs of different markets.  *Id*. at 1195-1196 ("Plaintiff's PAGA representative claim would necessarily require the Court to assess the difference between geographic markets, types of employee, specific procedures employees must comply with, frequency of calls, if the employees engaged in personal activities on call, and so on.")  In contrast, Plaintiff's case here revolves around the simple question of whether there was a policy or practice in place requiring security checks to be performed off the clock; all of Plaintiff's claims flow from that one central issue.  Indeed, Plaintiff has provided substantial evidence beyond her own testimony that such a policy and practice was in fact in place.  Thus, there is no need to look at different types of employees, their job responsibilities, or whether there were differences by geographic region.

       In *Salazar*, the central question related to the theory of "ostensible agency," which involves an examination of the belief of an employee as to what entity is their employer.  *Salazar v. McDonald's Corp.* 2017 WL 88999 (N.D. Cal. Jan. 5, 2017) at *2.  In order for there to be a finding of "ostensible agency," a court must determine that an employee actually believed the entity was their employer, that this belief was reasonable, and that the employee relied upon this belief.  *Id*.  This is a much more complicated evaluation involving individual beliefs and impression than whether a company had a requirement that security checks be performed off the clock or not.  As such, *Salazar* should not be relied upon.

       In *Amey* the court held that a PAGA claim was "unmanageable" where the Aggrieved Employees were 10,000 in number and the plaintiff alleged unrelated claims of missed meal and rest breaks, failure to pay reporting time pay, and failure to pay overtime.  *Amey v. Cinemark USA Inc.*, 2015 WL 2251504 (N.D. Cal. May 13, 2015).  In contrast, in the instant case there are

1  only 466 Aggrieved Employees and all their claims stem directly from one central nucleus.

2  Further, the *Amey* decision was overturned by *Brown v. Cinemark USA, Inc.*, 705 Fed.Appx. 644

3  (9th Cir. 2017) and thus cannot be relied upon as precedent.

4        As Plaintiff has previously explained, there is one issue in this case: were Aggrieved

5  Employees required to undergo security checks off-the-clock?  Beyond Plaintiff's testimony on

6  the subject, she will present written deposition testimony as well as live witness testimony to

7  support her claim that employees were required to clock out before undergoing security checks.

8  Plaintiff's claim is that this was a widespread company practice that was nearly always adhered

9  to and that all non-exempt employees were subject to these checks. Thus, there is no need to

10  analyze the different job positions of employees, job responsibilities of employees, company

11  needs by store or by region, or scheduling policies and practices.

12        Further, any determination by the Court will be made even simpler in light of recent

13  rulings by the California Supreme Court and the Ninth Circuit that make clear that the only

14  question to be answered is whether security checks were performed on the clock or not and that

15  questions as to the amount of time at issue and whether some employees could avoid security

16  checks by not bringing a bag are irrelevant.  Specifically, in *Troester v. Starbucks Corporation*,

17  the California Supreme Court held that even very short periods of unpaid work must be

18  compensated, thus doing away with the *de minimis* affirmative defense.  *Troester v. Starbucks*

19  *Corporation*, 5 Cal. 5th 829, 844 (2018).  The Ninth Circuit then applied *Troester* in reversing a

20  grant of summary judgment based on *de minimis*.  *Rodriguez v. Nike Retail Servs., Inc.*, 928 F.3d

21  810, 818 (9th Cir. 2019).  Most recently, the California Supreme Court issued yet another

22  decision relevant to these proceedings.  This time, the Court held that security checks performed

23  by an employer only on employees who voluntarily bring bags are still compensable.  *Frlekin v.*

24  *Apple Inc.*, Cal. Case No. S243805 at 16-18.  As a result, the Court need not engage in an

25  evaluation of the amount of time at issue for each security check, or consider whether an

26  employee could have avoided a security check altogether had they not brought a bag.  Thus, the

27  question before the Court is distilled to simply being whether security checks were off the clock

28  or not.

## IV. PLAINTIFF DOES NOT SEEK TO SUBSTANTIVELY MODIFY HER PAGA CLAIM

Defendant argues that Plaintiff cannot "modify" the aggrieved employees she represents, as a deputy of the State of California, in this PAGA case. Defendant references Plaintiff's decision to seek modification of the class definition to stop as of December 31, 2016. Plaintiff contends that Defendant changed its security check practices in the beginning of 2017. Defendant claims that Plaintiff cannot change the period for which she seeks penalties on behalf of the State of California and aggrieved employees because she did not provide proper notice to the Labor and Workforce Development Agency ("LWDA").

While it's true that the PAGA requires an aggrieved employee to provide notice to the LWDA, the requirement is focused on the specific theories of liability—not anything to do with a temporal limitation of the employees the named plaintiff will represent. California Labor Code Section 2699.3(a)(1)(A) provides: "The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of *the specific provisions* of this code alleged to have been violated, including the *facts and theories to support the alleged violation*." (emphasis added). The reason for this requirement is clear: so that the LWDA can decide whether it wishes to investigate the specific labor code violations and theories of liability. *See* Cal. Lab. Code § 2699.3(a)(C)(2)(A) (explaining that the LWDA shall notify the employer and aggrieved employee or representative that it does not intend to investigate the allegations).

Nothing in the statute addresses the time during which an aggrieved employee seeks to represent other aggrieved employees. That's because the period in which an employer commits labor code violations relevant to a PAGA action is not governed by the employee's notice, but by the statute of limitations. *See* Cal. Civ. Proc. Code § 340(a) (one-year statute of limitations for penalties).

Defendant cites several cases that are readily distinguishable for the same reason: the amendments sought to remedy deficient pre-lawsuit notice to the LWDA.

In *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 6177225, *3 (C.D. Cal. 2018), on

reconsideration, the court explained that the plaintiff cannot cure an initial deficient notice by filing an amended notice. The court reasoned that allowing an amended notice would defeat the purpose of the pre-filing requirement: "to give the LWDA ample opportunity to make an informed decision about whether to pursue the matter." *Id.* The other cases cited by Defendant address similar scenarios. *Ovieda v. Sodexo Operations, LLC*, 2013 WL 3887873, at *2 (C.D. Cal. July 3, 2013) (addressing scenario where the defendant contended that the plaintiff did not adequately set forth the "facts and theories" to support the alleged labor code violations). Here, Plaintiff is proceeding on the same facts and theories she outlined in her PAGA letter for the same alleged labor code violations and Defendant does not contend otherwise. Plaintiff's PAGA claim is the same—the only thing changed is the period for which she seeks penalties because of Defendant's change in practices. Accordingly, the Court should disregard Defendant's arguments on this issue.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Strike Plaintiff's PAGA Claim

DATED: March 10, 2020                              DIVERSITY LAW GROUP, P.C.


By:  */s/ Larry W. Lee*
    Larry W. Lee
    Max W. Gavron
    Attorneys for Plaintiff and the Class