**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEPHANIE HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE BAUER LLC,<br><br>Defendant. | Case No. 16-cv-06236-BLF<br><br>**ORDER DENYING DEFENDANT EDDIE BAUER'S MOTION TO STRIKE PLAINTIFF'S REPRESENTATIVE PAGA ACTION CLAIMS OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS**<br><br>[Re: ECF 83] |

This case started as a wage and hour class action alleging that Eddie Bauer ("Defendant") failed to compensate its hourly employees for time spent undergoing off-the-clock security "exit inspections" of employees' personal belongings before leaving the store. Plaintiff, Stephanie Heredia, worked as a sales associate at an Eddie Bauer retail store in Gilroy, California from November 2013 to March 2016. During that time, she alleges that she was required to undergo inspections of her personal belongings—otherwise known as "bag checks" or "security inspections"—whenever she left the store. On January 10, 2018, the Court certified a class of "[a]ll current and former non-exempt retail store employees who were employed by Defendant in the State of California at any time from September 28, 2012, through the present." ECF 33. Once the record developed, however, the Court, upon a motion from Defendant, decertified the class because it found the class as certified did not satisfy the Rule 23 requirements. Order Granting Defendant's Motion for Decertification ("Decert. Order"), ECF 79. What remains of Plaintiff's Complaint is (1) Plaintiff's individual claims against Defendant and (2) Plaintiff's representative action claim under California Private Attorney General Act of 2004 ("PAGA"). *See* Complaint ("Compl."), ECF 1-1.

Defendant now moves to strike Plaintiff's representative PAGA claim or alternatively, for

judgment on the pleadings. *See* Defendant Eddie Bauer LLC's Motion to Strike Plaintiff's Representative PAGA Action Claims or, Alternatively, for Judgment on the Pleadings ("Motion"), ECF 83. The Court heard oral arguments on March 12, 2020 (the "Hearing"). For the reasons stated below and on the record at the Hearing, the Court DENIES Defendant's Motion.

## I.     BACKGROUND

The factual and procedural history of this case are known to the parties and to the Court. *See* Decert. Order at 2-5. Thus, the Court summarizes only the background pertinent to Defendant's Motion.

Plaintiff's original theory of the case was that all of Eddie Bauer's non-exempt employees in California from September 28, 2012, through the present were required to undergo off-the-clock exit inspections pursuant to a uniform corporate policy and in violation of several California labor codes. *See* Compl. ¶¶ 17-30. Based on a limited record, the Court certified a class of "[a]ll current and former non-exempt retail store employees who were employed by Defendant in the State of California at any time from September 28, 2012, through the present." ECF 33.

Once the record developed, however, it became apparent that the class as certified could not be maintained. While Defendant's written policy was silent on whether the employees must clock out before or after undergoing the required security inspections, in reality, the employees experienced both on-the-clock and off-the-clock exit inspections. *See* Decert. Order at 7-8. As a result, Defendant moved to decertify the class, while Plaintiff filed a motion to modify the class definition. *See* Defendant's Motion for Decertification, ECF 60; Plaintiff's Motion to Modify Class Definition ("Mot. to Modify"), ECF 71. Plaintiff's new theory was that "around the beginning of 2017" and in response to the filing of this lawsuit in September 2016, Eddie Bauer changed its practice (but not its written policy) to require bag checks to be conducted on the clock. *See* Mot. to Modify at 1- 2; 5. Consequently, Plaintiff proposed to redefine the class period to end on December 31, 2016 (instead of through the present). *See id.* at 1. After a careful consideration of the record, the Court decertified the class and rejected Plaintiff's modified class definition because even before 2017, the Eddie Bauer employees did not experience a uniform off-the-clock exit inspection policy. *See* Decert. Order at 14-17.

Plaintiff filed a Petition with the United States Court of Appeals for the Ninth Circuit for permission to appeal the Court's Order Granting Defendant's Motion for Decertification and Denying Plaintiff's Motion to Modify Class Definition. ECF 81. On February 7, 2020, the Ninth Circuit, in its discretion, denied Plaintiff's Petition for interlocutory appeal. ECF 82. Shortly thereafter, Defendant filed this Motion.

## II. LEGAL STANDARD

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)) (internal quotation marks omitted).

"While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).

### B. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and the same legal standard applies to both. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Thus, when considering a Rule 12(c) motion, a district court "must accept the facts as pled by the nonmovant." *Id.* at 1053. The district court then must apply the *Iqbal* standard to determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso*, 637 F.3d at 1054 & n.4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## III.  TIMING OF DEFENDANT'S MOTION

As a procedural matter, the parties dispute whether Defendant's Motion is timely. Defendant argues that its Motion is timely because it was filed shortly after the Ninth Circuit declined to hear Plaintiff's interlocutory appeal – which according to Defendant, had put the entire case (including the PAGA claim) on hold. Motion at 7. Plaintiff disagrees and points out that a motion to strike must be filed within 21 days after the service of the pleading at issue – in this case, the Complaint. Plaintiff Stephanie Heredia's Opposition to the Motion ("Opp'n") at 6-7, ECF 88. In Plaintiff's view, there is no justification for Defendant's delay (by years) because "Defendant simply forgot" about the PAGA claim. *Id.* at 6. In addition, Plaintiff argues that a Rule 12(c) motion must be brought early enough not to delay trial – which in this case was scheduled to commence approximately a month after Defendant's Motion was filed.[1] *Id.* at 7-9. Finally, Plaintiff asserts that because Defendant relies on evidence outside of the pleadings (namely, witness depositions), Defendant's Motion should be converted to a motion for summary judgment – and denied because (1) the Court's Standing Orders do not allow Defendant to file more than one summary judgment[2] and (2) Defendant's Motion is prejudicial to Plaintiff who had six days to oppose it. *Id.* at 9-11.

Rule 12(f) provides that a court may strike material "on its own," without any time limit for the court to do so. *See* Fed. R. Civ. P. 12(f)(1). Some district courts have therefore held that a court has discretion to consider an untimely motion to strike under Rule 12(f). *See e.g., United States v. Wang*, 404 F. Supp. 2d 1155, 1157 (N.D. Cal. 2005) (citing *Or. Laborers-Emp'rs Tr. Funds v. Pac. Fense & Wire Co.*, 726 F. Supp. 786, 788 (D. Or. 1989)); *Sprint Solutions Inc. v. Pac. Cellupage*

---

[1] The Court notes that since the Hearing, trial dates have been vacated due to health concerns related to COVID-19 and pursuant to General Order 72.

[2] On May 8, 2019, Defendant filed a motion for summary judgment. ECF 51.

*Inc.*, 2014 WL 12610204, at *2 (C.D. Cal. Dec. 17, 2014). The Ninth Circuit, however, has held that granting such a motion is in error:

> The district court has authority under Rule 12(f) to strike a pleading, in whole or in part, only if a motion is made before the moving party has filed a responsive pleading, unless the court strikes the pleading on its own initiative or no responsive pleading is permitted. The district court struck the counts in question upon the motion of the trustees after they had already filed their answer to the complaint. Thus, the motion was untimely under Rule 12(f).

*Culinary & Serv. Employees Union, AFL-CIO Local 555 v. Hawaii Employee Ben. Admin.*, Inc., 688 F.2d 1228, 1233 (9th Cir. 1982). In light of *Culinary*, some district courts have denied untimely motions to strike. *See In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-JCS, 2017 WL 3670779, at *3 (N.D. Cal. Aug. 25, 2017); *Winnemem Wintu Tribe v. U.S. Forest Serv.*, No. 2:09-CV-1072 KJM KJN, 2013 WL 1325423, at *4 (E.D. Cal. Mar. 29, 2013).

Despite district court decisions that have held to the contrary, this Court agrees with the *In re Seagate* court that *Culinary* requires denial of a motion to strike filed after the moving party has answered a complaint. *In re Seagate*, 2017 WL 3670779, at *3. Because Defendant did not move to strike until years after it answered the Complaint, the motion is untimely and must be DENIED.

The Court nevertheless considers Defendant's Motion under Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) permits a party to move to dismiss a suit "[a]fter the pleadings are closed—but early enough not to delay trial." *See* Fed. R. Civ. P. 12(c). Here, Defendant's Motion had no impact on trial date because the Court – upon Defendant's *ex parte* motion – expedited the briefing schedule and hearing date. *See* ECF 35. Thus, the Court heard and ruled on the Motion in advance of trial – curing any potential for delay.

Finally, even if the Court were to accept Plaintiff's contention that Defendant's motion is for summary adjudication – because it relies on deposition evidence – the Court has discretion to consider such a motion. "Federal Rule of Civil Procedure 12(b)(6) specifically gives courts the discretion to accept and consider extrinsic materials offered in connection with these motions, and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). Here, the extrinsic evidence at issue – specifically, the employee depositions

5

– have been the subject of several motions brought by the parties and thus, Plaintiff has had ample notice of them.

## IV.    PLAINTIFF'S PAGA CLAIM

Defendant challenges Plaintiff's PAGA claim on two grounds (1) the PAGA claim is unmanageable because it requires individualized inquires and (2) Plaintiff cannot amend its PAGA notice to include only pre-2017 exit inspections and therefore has not exhausted her administrative remedies. *See* Motion at 8-18.  The Court rejects both challenges.

### A.    Manageability

Defendant argues that the Court's Decertification Order renders Plaintiff's PAGA claim unmanageable because "myriad individualized issues predominate." Motion at 8.  Defendant relies heavily on the Decertification Order, where the Court found that "it is impossible to know, without individualized inquiries, which employees have undergone exit inspections off the clock and were subjected to uncompensated time." Motion at 8 (quoting Decert. Order at 8).  Plaintiff responds that the PAGA statute does not impose a manageability requirement, and even if manageability was required, the adjudication on Plaintiff's PAGA claim is manageable.  Opp'n at 11-17.

In 2003, California enacted PAGA to permit "aggrieved employees, acting as private attorneys general," to bring lawsuits against employers for Labor Code violations. *Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009).  The goal was to foster compliance with state labor laws.  *Id.*  Thus, PAGA provides that an "aggrieved employee" may bring an action "on behalf of himself or herself and other current or former employees" to recover civil penalties for violations of the Labor Code.  Cal. Lab. Code § 2699.  Where the Labor Code does not set forth its own penalty, PAGA sets forth a civil penalty of 100 dollars for each aggrieved employee per pay period for the initial violation and 200 dollars for each aggrieved employee per pay period for each subsequent violation. *Id.* § 2699(f)(2).  "Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency ["LWDA"], leaving the remaining 25 percent for the 'aggrieved employees.'" *Arias*, 46 Cal. 4th at 980–81.  An employee suing under PAGA "does so as [a] proxy or agent of the state's labor law enforcement agencies." *Id.* at 986.  Thus, PAGA actions "primarily seek to vindicate the public interest in enforcement of California's labor law." *Baumann v. Chase Inv.*

*Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014).

The Ninth Circuit has recognized that "Rule 23 and PAGA are more dissimilar than alike." *Baumann*, 747 F.3d at 1123 (9th Cir. 2014). The California Supreme Court similarly held in *Arias* that a PAGA plaintiff need not satisfy class action requirements. *Arias*, 46 Cal. 4th at 975. Accordingly, the Court's denial of class certification "because Plaintiff did not satisfy Rule 23's requirements has little bearing on the viability of Plaintiff's PAGA claim." *Delgado v. Marketsource, Inc.*, No. 17-CV-07370-LHK, 2019 WL 1904216, at *4 (N.D. Cal. Apr. 29, 2019).

In a recent decision, another Court in this District found that PAGA does not impose a manageability requirement. *Delgado*, 2019 WL 1904216, at *4. In that decision, Judge Koh recognized that several courts have struck representative PAGA claims as unmanageable even though the PAGA statute itself contains no explicit manageability requirement. *Id.* at *4-5. (collecting cases). However, imposing a manageability requirement based on "individualized inquiries" would be "strikingly similar" to the predominance inquiry under Rule 23. *Id.* at *4. And, "given the Ninth Circuit's and California Supreme Court's conclusions that PAGA plaintiffs need not meet class action requirements," Judge Koh declined to strike a PAGA claim on the ground that resolving the claim may require individualized inquiries. *Id.* at *5. The Court finds Judge Koh's decision well-reasoned and similarly finds that PAGA imposes no manageability requirement

To be sure, Defendant correctly points out that to prevail, Plaintiff must prove liability for each allegedly aggrieved employee. Motion at 13; *see Hibbs-Rines v. Seagate Techs., LLC.*, No. C 08-05430 SI, 2009 WL 513496, at *4 (N.D. Cal. Mar. 2, 2009) ("Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA."). However, that Plaintiff must prove a violation as to each aggrieved employee in order to recover civil penalties for that employee does not support the conclusion that permitting Plaintiff to attempt to prove her case would result in an unmanageable trial – it merely means that Plaintiff may ultimately fail to prove her case. In other words:

> At trial, plaintiff may prove that defendant violated the California Labor Code with respect to the employees it describes as "aggrieved employees," some of the employees, or he may not prove any violations at all. But the fact that proving his claim may be difficult or even somewhat burdensome for himself and for defendant does not

mean that he cannot bring it at all.

*Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949, 959 (C.D. Cal. 2015).

Finally, the Court notes that Plaintiff has presented a fairly manageable trial plan because Plaintiff has identified a total of 10 trial witnesses – 7 of those witnesses are Eddie Bauer employees (including Plaintiff). *See* Joint Pretrial Statement and Order for Plaintiff's Representative PAGA Bench Trial ("Pretrial Statement") at 33-34, ECF 98.

In sum, the Court DENIES Defendant's motion to strike Plaintiff's PAGA claim on the ground that it is unmanageable

### B. Plaintiff's PAGA Notice

Anticipating that Plaintiff may limit her PAGA claim to pre-2017 alleged violations of labor code, Defendant argues that "such a modification is **not allowed** in a PAGA case." Motion at 16. Defendant notes that under PAGA, a plaintiff must exhaust his or her administrative remedies by first providing notice to the LWDA and "[a]fter notice is given to the LWDA, it cannot be later modified if different facts are discovered." *Id.* Plaintiff concedes that PAGA requires an aggrieved employee to provide notice to the LWDA but argues that "the requirement is focused on the specific theories of liability—not anything to do with a temporal limitation of the employees the named plaintiff will represent." Opp'n at 18.

The Court agrees with Plaintiff. California Labor Code Section 2699.3(a)(1)(A) requires the aggrieved employee or representative to give written notice to LWDA and her employer "of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3. Here, Plaintiff is not seeking to change her theory of liability (*i.e.*, off-the-clock exit inspections) or the specific provisions of the labor code Defendant allegedly violated. Instead, she is narrowing her claim to a specific timeframe. The Court is not aware of any authority, and Defendant has failed to cite to any, that disallows the narrowing of a PAGA claim in this manner. The cases Defendant cites pertain to scenarios where Plaintiff changed her theory of liability and thus are not analogous to the facts of this case.

In sum, the Court DENIES Defendant's motion to strike Plaintiff's PAGA claim on the ground that she has not exhausted PAGA administrative remedies as to her narrowed liability

timeframe.

## V.    ORDER

For the foregoing reasons and those stated on the record at the Hearing, the Court DENIES

Defendant's Motion at ECF 83.

**IT IS SO ORDERED.**

Dated: March 27, 2020

_____
BETH LABSON FREEMAN
United States District Judge